### In re LANE LUMBER CO., Limited.

### HIRLINGER v. BOYD.

#### (Circuit Court of Appeals, Ninth Circuit. August 17, 1914.)

#### No. 2367.

BANKRUPTCY (§ 440*)—APPELLATE PROCEEDINGS—MODE OF REVIEW.

By the filing of a petition for the allowance of his claim as a secured debt, a creditor of a bankrupt institutes a bankruptcy proceeding, and the order made thereon, if the claim is $500 or over, is reviewable by appeal, under Bankr. Act July 1, 1898, c. 541, § 25a (3), 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432), and not by petition to revise under section 24b.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. § 440.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Upon Petition for Revision from the District Court of the United States for the District of Idaho, Northern Division; Frank S. Dietrick, Judge.

In the matter of the Lane Lumber Company, Limited, bankrupt, Samuel L. Boyd, trustee. Petition by Johanna Hirlinger to revise an order denying her petition for the allowance of her claim as a secured debt. Petition dismissed.

See, also, 207 Fed. 762, 213 Fed. 587, 217 Fed. 550, 555, 133 C. C. A. 402, 407.

Frank Langley, of Cœur d'Alene, Idaho, for petitioner.
E. N. Laveine, of Cœur d'Alene, Idaho, for respondent.
John H. Wourms, of Wallace, Idaho, amicus curiæ.

<hr>

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Before GILBERT and ROSS, Circuit Judges, and VAN FLEET, District Judge.

VAN FLEET, District Judge. The petitioner filed her proof of claim against the bankrupt estate for the balance remaining unpaid on the purchase price of certain lands sold to the bankrupt, in an amount exceeding $500, as an unsecured debt, and the claim was allowed; thereafter she filed a petition asking leave to withdraw the proof of the claim as an unsecured debt and to substitute therefor proof of the same as a debt secured by a vendor's lien on the land sold. The trustee objected to her right to make the substituted proof, but upon hearing the referee granted it, and thereupon the trustee took the matter before the court below for a revision of the order. The action of the referee was set aside by the court, and a judgment entered denying the right to make the substituted proof. This judgment is now brought here upon a petition by the claimant, prosecuted under the provisions of section 24 of the Bankruptcy Act, to have it reviewed and set aside upon the assumption that the case is one falling within the provisions of that section as furnishing the remedy for her relief from the judgment complained of. This mode of proceeding gives rise at the threshold to a question as to our jurisdiction in the premises, of which, although not challenged by the respondent, we are bound upon our own initiative to take cognizance, that the jurisdiction of the court may be protected against unauthorized invasion. The question is whether the judgment is one which may be competently reviewed upon petition for review or should be brought up by appeal. If appeal is the exclusive remedy, then we have no authority to review the judgment in this proceeding. The question turns upon the construction of sections 24 and 25 of the Bankruptcy Act, prescribing the mode of reviewing the different classes of orders and judgments obtained in bankruptcy courts. The provisions of those two sections, so far as pertinent to the question in hand, are as follows:

Section 24:

"(a) The * * * Circuit Courts of Appeals of the United States * * * are hereby invested with apellate jurisdiction of controversies arising in bankruptcy proceedings from the courts of bankruptcy from which they have appellate jurisdiction in other cases.

"(b) The several Circuit Courts of Appeal shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised on due notice and petition by any party aggrieved."

Section 25:

"(a) Appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the Circuit Court of Appeals of the United States * * * in the following cases; to wit: * * *

"(3) From a judgment allowing or rejecting a debt or claim of five hundred dollars or over. Such appeal shall be taken within ten days after the judgment appealed from has been rendered, and may be heard and determined by the appellate court in term or vacation, as the case may be."

The construction of these provisions of the act has given rise to considerable diversity of decision in the federal courts; some holding that the remedies afforded by them are cumulative, and others that they are exclusive as to the class of cases falling respectively within their provisions. We need not stop to review these cases from the lower courts since, in our judgment, the question is set at rest by two comparatively recent rulings of the Supreme Court.

In Coder v. Arts, 213 U. S. 223, 29 Sup. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008, involving, like the present, a disputed claim of secured debt, the trustee, feeling aggrieved by the action of the bankruptcy court, and being in doubt as to the proper procedure, took the case to the Circuit Court of Appeals for the Eighth Circuit both by petition for review and by appeal. That court dismissed the petition for review, and, after considering the appeal, affirmed the judgment in substance, and an appeal was then taken by the trustee to the Supreme Court. In the latter court the appellee contended that neither that court nor the Court of Appeals had jurisdiction by appeal from the judgment, and in considering that question, after referring to the fact that "questions of the jurisdiction in bankruptcy, particularly of the appellate courts, have given rise to numerous and not altogether reconcilable decisions," the court proceeds to consider and construe sections 24 and 25 of the act, and it is said:

"By paragraph (b) of section 24 the Circuit Courts of Appeals have jurisdiction to superintend and revise in matters of law proceedings of the several inferior courts of bankruptcy within their jurisdiction. The proceeding under this section is designed to enable the Circuit Court of Appeals to review questions of law arising in bankruptcy proceedings, and is not intended as a substitute for the right of appeal upon controverted questions of fact under the right of appeal given in controversies arising in bankruptcy proceedings (section 24), or the special appeal given in certain cases under section 25.

"Section 25 of the act provides for appeals in bankruptcy proceedings, and in such proceedings appeals may be taken from the courts of bankruptcy to the Circuit Courts of Appeals in three classes of cases.

"We are concerned in this case with the third class, 'from a judgment allowing or rejecting a debt or claim of five hundred dollars or over.' The appeal must be taken within 10 days after the judgment.

"It is therefore apparent that the mode of appeal in a given case depends upon the character of the proceeding. And the question to be solved in such cases is, Does the case present a proceeding in bankruptcy or is it a controversy arising in bankruptcy proceedings?"

The court then proceeds to consider its previous rulings bearing upon the subject, and say:

"We are thus brought to the determination of the question, Was the proceeding instituted by Arts a controversy arising in bankruptcy proceedings, or did he institute a bankruptcy proceeding, properly speaking? The answer to this question depends upon an examination of the manner in which the jurisdiction of the bankruptcy court was invoked for the determination of the rights involved."

And after stating the facts as to the presentation and character of the claim it is said:

"We are of opinion that he thus instituted a proceeding in bankruptcy as distinguished from a controversy arising in the course of bankruptcy proceedings. This being the character of the proceeding, its subsequent disposition

and the appropriate appellate jurisdiction are to be determined by the provi-. sions of the bankruptcy act governing bankruptcy proceedings."

And after a full discussion of the conflicting contentions of the parties it is said:

"We, therefore, reach the conclusion that the claim presented instituted a proceeding in bankruptcy, and, being for over $500, it was appealable to the Circuit Court of Appeals, bringing to that court the validity of the asserted lien," etc.

It will be observed that while that case clearly determines the right to review the judgment in such a case by appeal, there is nothing said as to the exclusive character of this remedy. The latter ques-- tion, however, is concluded, we think, by the subsequent case of Matter of Loving, 224 U. S. 183, 32 Sup. Ct. 446, 56 L. Ed. 725. In that case, likewise arising on a claim of secured debt, the trustee, as here, carried the case to the Circuit Court of Appeals (Sixth Circuit) by petition for revision, and the latter court certified the question to the Supreme Court whether it had "jurisdiction to revise the or- der of the District Court upon the petition for revision filed under section 24b of the Bankruptcy Act." The question was answered in the negative, the court, referring to its decision in Coder v. Arts, saying:

"Under the decision of this court in that case there can be no doubt that the bank in this case instituted a proceeding in bankruptcy, which was ap- pealable under section 25a to the Circuit Court of Appeals. The fact that after the adjudication of the claim the trustee made no objection to its allow- ance as a valid claim, but intended only to contest its validity as a lien upon the bankrupt's estate, made no difference as to the appellate character of the controversy. A bankruptcy proceeding was instituted as to the claim and its alleged lien, as distinguished from a controversy arising in a bankruptcy pro- ceeding, and the appeal was under section 25a to the Circuit Court of Ap- peals. Coder v. Arts, supra.

"The question now propounded is: Was the trustee also entitled to a review in the Circuit Court of Appeals under section 24b by petition for review? Under that section authority, either interlocutory or final, is given to the Cir- cuit Court of Appeals to superintend and revise in matters of law the pro- ceedings of the inferior courts of bankruptcy within their jurisdiction. We think this subdivision was not intended to give an additional remedy to those whose rights could be protected by an appeal under section 25 of the act. That section provides a short method by which rejected claims can be promptly reviewed by appeal in the Circuit Court of Appeals, and, in certain cases, in this court. The proceeding under section 24b, permitting a review of ques- tions of law arising in bankruptcy proceedings, was not intended as a substi- tute for the right of appeal under section 25. Coder v. Arts, supra, p. 233. Under section 24b a question of law only is taken to the Circuit Court of Ap- peals; under the appeal section controversies of fact as well are taken to that court, with findings of fact to be made therein if the case is appealable to this court. We do not think it was intended to give to persons who could avail themselves of the remedy by appeal under section 25 a review by peti- tion under section 24b. The object of section 24b is rather to give a review, as to matters of law, where the facts are not in controversy, of orders of courts of bankruptcy in the ordinary administration of the bankrupt's estate.

"In our judgment the rule as well stated in Re Mueller, 135 Fed. 711, by Mr. Justice Lurton, then Circuit Judge (page 715): 'The "proceedings" reviewable [under section 24b] are those administrative orders and decrees in the ordi- nary course of a bankruptcy, between the filing of the petition and the final settlement of the estate, which are not made specially appealable under sec-

tion 25a. This would include questions between the bankrupt and his creditors of an administrative character, and exclude such matters as are appealable under section 25a.' "

Under the construction here given the sections in question we are constrained to hold that the petitioner has mistaken her remedy, and that we have no jurisdiction to review the present judgment otherwise than upon appeal prosecuted under the provisions of section 25a of the act.

It is not unlikely that the error of petitioner in determining upon the mode of review here sought was based upon the theory that the case fell within section 24b by reason of the incidental fact that the record presents for consideration only the question as to the sufficiency of the findings to support the judgment—purely a question of law—but, as we have seen, that is not the test in determining the appropriate remedy for the review of the action of the court below; the test being, What was the "character of the proceeding" by which the jurisdiction of the bankruptcy court was invoked?

It results that the petition for review must be dismissed; and it is so ordered.