## FEDERAL HOUSING ADM'R v. MOORE.
### No. 8429.

Circuit Court of Appeals, Ninth Circuit.
May 10, 1937.

Peirson M. Hall, U. S. Atty., and Robert Winfield Daniels, Asst. U. S. Atty., both of Los Angeles, Cal., for appellant.

Craig & Weller and Thomas S. Tobin, both of Los Angeles, Cal., for appellee.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from a judgment of the District Court, sitting in bankruptcy, whereby appellant's claim of $1,579.78 against the bankrupt estate of Pioneer Auto Laundry, a corporation, was allowed as a general claim and rejected as a preferred claim.

■ Such judgments are appealable under section 25a of the Bankruptcy Act, as amended (11 U.S.C.A. § 48 (a). In re Lane Lumber Co. (C.C.A.9), 217 F. 546.

Appellant is the Federal Housing Administrator, appointed under and pursuant to section 1 of title 1 of the National Housing Act of June 27, 1934, c. 847, 48 Stat. 1246 (12 U.S.C.A. § 1702 and note), which authorized the President to create a Fed-

**33**

eral Housing Administration, all the powers of which should be exercised by a Federal Housing Administrator. Section 344 (a) of the Banking Act of August 23, 1935, c. 614, 49 Stat. 722 (12 U.S.C.A. § 1702), amended section 1 of title 1 of the National Housing Act by adding thereto the following provision: "The Administrator shall, in carrying out the provisions of this title . . ., be authorized, in his official capacity, to sue and be sued in any court of competent jurisdiction, State or Federal."

Section 2 of title 1 of the National Housing Act, 48 Stat. 1246 (12 U.S.C.A. § 1703), provided: "The Administrator is authorized and empowered, upon such terms and conditions as he may prescribe, to insure banks . . . which are approved by him as eligible for credit insurance, against losses which they may sustain as a result of loans and advances of credit, and purchases of obligations representing loans and advances of credit, made by them subsequent to [June 27, 1934] and prior to January 1, 1936, . . . for the purpose of financing alterations, repairs, and improvements upon real property.[1]"

On August 10, 1934, appellant insured the Seaboard National Bank of Los Angeles, Cal. (hereinafter called the bank), against losses which it might sustain as a result of loans and advances of credit, and purchases of obligations representing loans and advances of credit, made by it after June 27, 1934, and prior to January 1, 1936, for the purpose specified in section 2 of title 1, supra.

On December 21, 1934, the bank made the Pioneer Auto Laundry (the now bankrupt corporation) a loan of $1,816.18, for the purpose of financing repairs upon real property. In consideration thereof, the corporation executed its promissory note for $2,000,[2] payable to the bank in monthly installments of $83.34 each, commencing January 21, 1935.

The corporation made the monthly payments falling due in January, February, March, and April, 1935, but none thereafter. On July 31, 1935, the corporation was adjudged a bankrupt. On September 14, 1935, the bank filed with appellant its claim

[1] The quotation is from section 2, as originally enacted. This section has been several times amended (49 Stat. 299, 722, 1187, 1234 [12 U.S.C.A. § 1703 and note]), but such amendments were subsequent to the transactions here involved.

[2] In other words, the corporation's note was purchased by the bank at a discount of $183.82.

**34**

for $1,579.78, being the net amount of its loan to the corporation, plus $29.56 interest and a "default charge" of $67.40, less payments aggregating $333.36, which claim appellant paid in full on September 27, 1935. Thereupon the bank, by indorsement on the note, assigned all its right, title, and interest therein to appellant. On December 3, 1935, appellant filed with the referee in bankruptcy his claim for said sum of $1,-579.78, and prayed that it be allowed as a preferred claim. The referee allowed it as a general claim, but rejected it as a preferred claim. The District Court confirmed the referee's order. This appeal followed.

Section 64b of the Bankruptcy Act, as amended, 44 Stat. 666, § 15 (11 U.S.C.A. § 104 (b), provides: "The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment shall be . . . (7) debts owing to any person who by the laws of . . . the United States is entitled to priority: Provided, That the term 'person' as used in this section shall include . . . the United States."

Appellant contends that his claim is entitled to priority under section 3466 of the Revised Statutes (31 U.S.C.A. § 191), which provides: "Whenever any person indebted to the United States is insolvent, . . . the debts due to the United States shall be first satisfied."

■ This contention cannot prevail. Appellant is not the United States. The United States is not a party to this proceeding. The bankrupt was never indebted to the United States. Its indebtedness was to the bank. The United States has no claim against the bankrupt estate, and has asserted none. If the United States had any such claim, it could, and undoubtedly would, assert it in its own name. There is no reason why, in a bankruptcy court or elsewhere, the United States should call itself "Federal Housing Administrator."

■ Appellant was never a creditor of the bankrupt and has no claim against the bankrupt estate except that which the bank assigned to him after the adjudication in bankruptcy. With respect to that claim, appellant has, of course, only such rights as his assignor had. It must be and is conceded that appellant's assignor had no right of priority. The claim that appellant has any such right must, therefore, be rejected.

Judgment affirmed.