In re MONTEREY BREWING CO.

No. 29641.

District Court, S. D. California, Central Division.

May 14, 1938.

Benjamin Harrison, U. S. Atty., of Los Angeles, Cal., for petitioner on review, United States of America.

Benno M. Brink, of Los Angeles, Cal., referee in bankruptcy.

Clarence Hansen and David E. Rotkin, both of Los Angeles, Cal., for trustee in bankruptcy.

JAMES, District Judge.

The above named corporation was adjudicated a bankrupt on its voluntary petition on the 5th of April, 1937. The administration of the estate was referred to Benno M. Brink, Esq., one of the regularly appointed referees in bankruptcy for the County of Los Angeles. Among the many debts scheduled by the bankrupt was one due the California Bank, at Los Angeles, as evidenced by a promissory note, on account of which the bank filed its proof of claim. The Federal Housing Administrator in August, 1934, had insured the California Bank against losses as the result of loans, etc. The indebtedness of the bankrupt to the bank in the amount of $609.39 was covered by this insurance. Several months after the adjudication was made, to-wit, on August 4, 1937, the Federal Housing Administrator caused to be paid to the California Bank the sum of $384.56, in satisfaction of the debt due of the bankrupt to the bank. The Federal Housing Administrator then filed his

claim with the referee requesting that the same be allowed such preference in the matter of payment over general creditors as is provided for under Section 64 of the Bankruptcy Act, subdivision (b) (7), 11 U. S.C.A. § 104(b) (7). The referee declined to allow a preference classification to be made but allowed the claim as a general charge. The Housing Administrator alleged that he was "acting on behalf of the United States", and filed his petition to review the order of the referee made as described.

The facts here are in direct parallel with those involved in the case of Federal Housing Adm'r v. Moore, first heard in this court on review from the referee, and later taken to our Circuit Court of Appeals, and reported in 9 Cir., 90 F.2d 32, where a claim for similar preference was denied.

The United States Attorney has submitted copy of a decision recently made by the Circuit Court of Appeals for the Eighth Circuit in the case of Wagner, Trustee, v. Stewart McDonald, Federal Housing Administrator, 96 F.2d 273, decided on April 27, 1938. The court there held that a claim by the Federal Housing Administration made in the bankrupt estate was in law that of the United States and hence was entitled to preference in the matter of payment. The marked difference which is taken note of by the court in the Eighth Circuit between the facts there and the facts in the Moore Case, supra, was that in the case then being considered by the court the Housing Administrator had full title before bankruptcy intervened, the court in the Eighth Circuit stating (page 276): "The court in the Moore Case emphasized the fact that the debt was assigned to the Administrator after the date of adjudication. The fact situation is different here." In the Moore Case our Circuit Court of Appeals, holding that the United States was not a party to the proceeding and that the bankrupt was never indebted to the United States, but rather to the bank, further said (page 34): "Appellant was never a creditor of the bankrupt and has no claim against the bankrupt estate except that which the bank assigned to him after the adjudication in bankruptcy. With respect to that claim, appellant has, of course, only such rights as his assignor had. It must be and is conceded that appellant's assignor had no right of priority."

Consistent with the holding in Federal Housing Adm'r v. Moore, supra, the order of the referee declining to give preferential classification to the claim of petitioner on review is confirmed and approved. An exception is noted in favor of the petitioner.