## In re STAMFORD AUTO SUPPLY CO. et al.

### No. 1793.

District Court, N. D. Texas, at Abilene.

Nov. 30, 1938.

Clyde O. Eastus, U. S. Dist. Atty., of Fort Worth, Tex., for the United States.

R. W. Haynie, of Abilene, Tex., in pro per.

DAVIDSON, District Judge.

In this case the Referee submits his findings and conclusions, but certifies certain questions to this Court:

(a) Is the debt one due the United States of America as a creditor, or due the Federal Housing Administrator in a different capacity?

(b) Does the claim represent a debt due the United States of America and entitled to priority under Section 64(b), Subdivision 7, of the Bankruptcy Act [11 U.S.C.A. § 104(b) (7)]?

(c) Is the debt secured by a valid chattel mortgage lien under the statutes of Texas?

Briefly stating the findings and uncontroverted facts in the case, it appears:

(1) The Stamford Auto Supply Company, a partnership, was by this Court adjudged a bankrupt on the 10th day of April, 1937.

(2) Prior thereto, about March 19, 1936, the said bankrupt executed a note in the amount of $1281.96, payable in installments to the Simplicity Manufacturing Company, or order, secured by a chattel mortgage; that said chattel mortgage was filed in Hardeman County, Texas, at Quanah.

(3) About the 30th of March, 1936, the Simplicity Manufacturing Company transferred the note by written assignment to Equipment Acceptance Corporation.

(4) On the 21st of June, 1937, the balance due upon the note in the amount of $594.56 was sold and assigned to the Federal Housing Administrator, acting on behalf of the United States of America. This, it will be noted, was some 71 days after the maker had been put in bankruptcy.

(5) The Federal Housing Administration, allegedly acting for the United States of America, has filed its claim in the bankruptcy proceeding, claiming priority as a debt due the United States under Section 3466 of the Revised Statutes, Title 31, Sec. 191, U.S.C.A., and also under Subsection (7) of Section 64b of the Bankruptcy Act, 11 U.S.C.A. § 104(b) (7), which provides that in case of an insolvent estate that the government will have priority for its debts over other creditors.

(6) The trustee denied priority to the claim of the Federal Housing Administrator, but the referee has held to the contrary that the debt is due to the United States of America and under the law is entitled to a priority.

Answering question "a" of the referee, it is the opinion and judgment of the Court that the debt is one due the United States of America, and that the Federal Housing Administration is but an agency of the government, charged with the use of certain funds and the performance of certain duties for the government itself. Wagner v. McDonald, Federal Housing Administrator, 8 Cir., 96 F.2d 273; In the matter of John Fred Wilson, Bankrupt, and Dowell Willis Chevrolet Company, Bankrupt, D.C., 23 F.Supp. 236.

Answering question "b" by the referee, the Court finds that while it is now a debt of the United States, it is not entitled to the priority of classification ordinarily given such indebtedness by the statutes above referred to. It is the opinion of this Court that when the Stamford Auto Supply Company was adjudged a bankrupt, that the status of its indebtedness was fixed at that time. The company was adjudged a bankrupt on the 10th of April, 1937, and the debt was not assigned to the Federal Housing Administrator until the 21st of June, thereafter. Federal Housing Administrator v. Moore, 9 Cir., 90 F.2d 32, 33; In re Monterey Brewing Company, D.C., 24 F.Supp. 463.

The Circuit Court for the Ninth Circuit, in the Moore Case, supra, seemingly holds that the Federal Housing Administration is not an arm or an agency of the United States government. In this it is in direct conflict with the opinion of the Eighth Circuit, by Justice Thomas, in the case of Wagner v. McDonald, supra. We are persuaded that the Moore opinion was to a degree based on, and that the Court was doubtless influenced by the particular facts of that case, for it appeared that on July 31, 1935, the corporation was adjudged a bankrupt. On September 27, 1935, the debt was acquired by the Federal Housing Administration, and on December 3, 1935, claim was filed with the referee in bankruptcy as a preferred claim. It will be noted here, as in the case now at bar, that the Federal Housing Administration acquired the debt after bankruptcy. Referring to and distinguishing this decision from his own in the McDonald Case, Justice Thomas emphasizes the fact that the debt was assigned to the Administrator after the date of adjudication, making the fact situation different from the McDonald Case.

While every intendment should doubtless be indulged in favor of upholding the statute giving the United States a priority, it is our opinion that the statute refers only to debts which the government owns at the time that the insolvency or bankruptcy is determined, and not to those subsequently acquired. To hold to the contrary would authorize representatives of the various government agencies, by simple act of purchase, to give one creditor a preference over another, a preference that did not exist at the time that a bankrupt was adjudicated as such. It is the judgment of the Court, therefore, that while the Federal Housing Administration is the owner of a debt, it stands without priority as does the ordinary creditor.

So far as the matter has come to our attention, this is a question of first impression. It has been frequently held that the United States is a prior creditor, regardless of the manner in which it comes into possession of the debt, and regardless of whether it was secured or unsecured before the assignment was made to the United States, but it does not seem to us that the statute contemplated giving the United States or any of its agencies power to change the status of a debt after the rights of all parties have been fixed by the adjudication of a bankrupt as such.

Answering question "c" of the referee, the Court concurs with the holding

of the referee, Honorable D. M. Oldham. The chattel mortgage in question was never filed in the County where the property was situated. The property was situated at Stamford, Jones County, and the mortgage was inadvertently filed at Quanah, in Hardeman County. Article 5490 of the Revised Statutes of Texas provides that a chattel mortgage intended to operate as a lien upon personal property shall be void as against the creditors of the mortgagor and as against lien holders in good faith, unless such instrument shall be forthwith filed in the office of the County Clerk where the property is situated.

There being no lien under the statutes of the United States, and none under the chattel mortgage provided for by the statutes of Texas, the claim will not be allowed priority, but will be classified as an unsecured debt only.