### In re PATTERSON–MacDONALD SHIPBUILDING CO.

### CARSTENS et ux. v. McLEAN.

(Circuit Court of Appeals, Ninth Circuit. October 29, 1923.)

No. 4059.

1. **Bankruptcy ⚖══440—Order refusing permission to amend claim reviewable by appeal.**

An order refusing permission to amend insufficient statement of claim is in effect a rejection of the claim, and is reviewable by appeal.

2. **Bankruptcy ⚖══336—Informal claim held amendable after expiration of year.**

A letter written to a trustee, who was occupying premises leased to bankrupt, several months after the adjudication, by the lessor, inclosing official statement of delinquent taxes on the property, which under the lease bankrupt was obligated to pay, and asking their payment, *held* to contain the essentials of a claim against the estate, sufficient to permit its amendment into a formal claim when more than a year after the adjudication, the trustee surrendered the leased premises.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

In the matter of the Patterson-MacDonald Shipbuilding Company, bankrupt; John L. McLean, trustee. From an order denying permission to amend claim, Thomas Carstens and wife appeal. Reversed and remanded.

See, also, 284 Fed. 277, 281; 288 Fed. 546; 292 Fed. 700, 759; 293 Fed. 192.

Kerr, McCord & Ivey and Wm. Z. Kerr, all of Seattle, Wash., for appellants.

Ira Bronson, J. S. Robinson, and H. B. Jones, all of Seattle, Wash., for appellee.

Before HUNT and RUDKIN, Circuit Judges, and BOURQUIN, District Judge.

BOURQUIN, District Judge. [1] Contrary to appellee's suggestion, this appeal, and not petition to revise, is the proper method to secure relief from an order that to all intents and purposes is rejection of a claim against an estate in bankruptcy. In re Lane Lumber Co., 217 Fed. 546, 133 C. C. A. 398.

[2] The corporation was adjudicated a bankrupt on March 20, 1920. It was then in possession of premises by virtue of a lease containing the usual re-entry clause, and obligating it, amongst other things, to pay annual taxes imposed upon the premises, and it was then in default in respect to the 1919 taxes. The trustee of the estate in bankruptcy went into possession of the premises, paid the stipulated rent, but not the taxes, and surrendered the premises on June 30, 1921. In the meantime, and on August 28, 1920, to the trustee the lessors delivered this letter, viz.:

⚖══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"Aug. 28, 1920.

"Mr. J. L. McLean, Trustee, Patterson-MacDonald Shipbuilding Co., Seattle Wash.—Dear Sir: Ref. Thos. Carstens' Lease. We had occasion to inquire relative to the real estate taxes for the year 1919, and find that the King county treasurer's records show that these taxes have not been taken care of by the Patterson-MacDonald Shipbuilding Company for any portion of the 1919 taxes. We find that the taxes on part of government lot 4, west of the East Marginal way amount to $7,619.69. The taxes on portion of government lot 3, west of East Marginal way, amount to $308.63. As one-half of the above amounts was not paid previous to May 31st, the full amount is now drawing interest at 12 per cent. per annum, which at the present writing would add about 3 per cent. to the amount of taxes. The treasurer's records show that tax statements were sent to Patterson-MacDonald Shipbuilding Company, as they have done in former years, and no doubt they were re-ceived. However, we secured new statements and are forwarding these herewith for your prompt attention. We trust that you will advise us within the next few days that these taxes have been taken care of, as we cannot permit this matter to go delinquent any longer.

"Yours very truly,                     Carstens Packing Company,
                                "By O. F. Kuhl, Sec'y-Treas."

With it were inclosed official tax statements for the 1919 taxes. The trustee did not answer the letter, but it is evident the subject-matter was of long-continued discussion between him and the lessors. In October, 1922, the lessors petitioned the referee to adjudge that the trustee had accepted the lease, that he be directed to pay the 1919 taxes and those subsequently accrued, or, in the alternative, that the lessors be permitted to amend the informal claim of said letter. The delay in presenting application to amend was due to circumstances negativing laches, and none is charged.

The referee adjudged the trustee had not accepted the lease, directed him to pay additional rent in amount some less than taxes accrued during his occupancy of the premises, and refused "leave to file claim for the taxes for the year 1919." On review of only the refusal aforesaid, the District Court affirmed the referee.

In its decision the court approved the rule of liberality in amendments, but its view was that the letter aforesaid does not "meet the requirement" of proof of a claim "in substantial compliance" with section 57a, Bankruptcy Act (Comp. St. § 9641), and General Order No. 21; that—

"It has none of the essentials required by this section, and upon its face ex-poses a manifest purpose other than to share in the distribution of the liqui-dation of the assets of the estate. It was to require payment of taxes in full, or, I think, the intimation follows that the penalty or default for violation of the condition of the lease would be invoked."

Undoubtedly this letter was inspired by the view that the trustee had accepted the lease and was obligated to pay in full the 1919 taxes as a priority claim against the estate, and the writer may have believed that, if the default continued, the lessors could and might re-enter the premises. In this the lessors had support in advice of counsel; they contemplated no fraud or unfairness, misrepresented nothing, and acted in good faith; and, although they were in part mistaken, were not entitled to priority, and claimed more than their due, merely for this the law prescribes no penalty, and equity imposes no forfeiture. See Keppel v. Bank, 197 U. S. 363, 25 Sup. Ct. 443, 49 L. Ed. 790.

That the letter sets out, and was intended as, a claim against the estate, seems clear. Certainly it was not against the trustee as an individual. True, it does not "meet the requirement" of the statutory proof of claim. But that is the justification for and not a bar to amendment. It does, however, meet most of the requirements and contains most of the essentials prescribed by statute and order in proof of claim —enough of both to give to the letter the substance of a proof of claim, and to warrant amendment to supply the absent items of proof. It is (1) a statement in writing; (2) signed by a creditor, the term including an agent; (3) setting forth the claim; (4) the consideration therefor; (5) that no payments have been made thereon; (6) that the sum claimed is justly owing from the bankrupt to the creditor, if not paid to the tax collector; and (7) with defective title of the bankruptcy proceedings; and it omits only title of court, verification, whether secured, and why made by agent. All this appears in the letter taken by four corners and in language informal, but reasonably construed, when read with the official tax statements it inclosed, and in the light of circumstances known to the trustee in possession of lease and premises.

There is no controversy in respect to the law of amendments, and the numerous cases in the books need no citation here. Analogies will be found in the law of claims against decedents' estates. The attitude of the referee and the District Court was, and of appellee is, that the letter was not intended to be, and was not, any proof of a claim; that in consequence it afforded no basis for an amendment, the amendment offered was but a claim tendered after the bar of the statute had fallen, and so was properly rejected.

Apparently the District Court's comment that the letter did not meet the requirement of statute and order, and had none of the essentials of proof of claim, was inspired by the attitude aforesaid; and for this reason, and not as exercise of discretion, the order of rejection was made. Both attitude and order are erroneous.

The decree of the District Court is reversed, and proceedings remanded, with directions to allow the amended claim in whatever amount (not herein determined), is just.

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes