**SUN BASIN LUMBER CO., Inc.,**
Appellee,

v.

**UNITED STATES of America,**
Appellant.

No. 24366.

United States Court of Appeals,
Ninth Circuit.

Sept. 23, 1970.

Carl Eardley (argued), Robt. V. Zener, J. F. Bishop, Attys., U. S. Dept. of Justice, Wm. D. Ruckelshaus, Asst. Atty. Gen., Civils Division, Washington,

D. C., Dean C. Smith, U. S. Atty., John H. McRae, Asst. U. S. Atty., Spokane, Wash., for appellant.

Hugh B. Horton (argued), Kennewick, Wash., for trustee.

Thomas Malott Spokane, Wash., for bankrupt.

Clifton W. Collins, Ephrata, Wash., for bankrupt.

Before BARNES, BROWNING and CARTER, Circuit Judges.

PER CURIAM:

The sole issue in this appeal is whether the appellant-claimant was properly permitted to file an amended proof of claim in bankruptcy after the six month period provided by 11 U.S.C. § 93(a) and (n) had expired. Appellant was a secured creditor, and after foreclosure and sale of collateral asserted an amended claim against the estate in the amount of the deficiency. Formal proof of claim for the deficiency was not filed within the statutory period. During that period, however, appellant did file an objection to the trustee's petition to sell the real and personal property mortgaged to appellant and a petition to reclaim the property. He contends that these documents were sufficient to satisfy the time-bar of section 93(n) and could be perfected by subsequent amendment.

The referee allowed the amendment. The district court took the contrary view. We agree with the referee.

■ "It is well settled that if there is upon the record in the bankruptcy proceedings, within the six months prescribed by § 57, sub. n, anything sufficient to show the existence, nature and amount of a claim, it may be amended even after expiration of the six month period." 3 Collier on Bankruptcy, 14th ed., ¶ 57.11 [3] p. 186. See also Perry v. Certificate Holders of Thrift Savings, 320 F.2d 584 (9th Cir. 1963); Herzog, "Bankruptcy Law—Modern Trends," 43 Journal of The National Conference of Referees in Bankruptcy 54, 57 (April 1969).

■ This test is satisfied by appellant's objections to the trustee's petition to sell, and by appellant's petition to reclaim. These submissions included copies of the promissory note for $200,000 upon which the claim rested, and the mortgage and security instruments. They recited that the amount due on the note was then about $140,000 with interest continuing to accumulate, that the market value of the mortgaged property was less than $120,000 and depreciating in value, and that a deficiency would result. The documents also contained the bankrupt's promise to pay any deficiency. They thus included the substance of the information required in a formal claim.

The district court nonetheless rejected the perfecting amendment on the ground that appellant's "purpose in submitting the timely filed documents was to recover the property covered by the mortgage and security agreements and not to assert a claim in bankruptcy."

■ We agree that the document or documents timely filed must fairly reflect the existence of a claim against the estate. It is not necessary, however, that the documents constitute a proof of claim. Here the intention to collect from the estate was implicit in the recitations that the debt existed, that it was past due, that appellant proposed to realize on the security, that the amount due exceeded the security's market value, and that the bankrupt was obligated to pay the anticipated deficiency. It is of no moment, therefore, that the documents were not intended as a proof of claim.

A number of cases involve factual situations closely analogous to that of the present case. In In re Faulkner, 161 F. 900, 903 (8th Cir. 1908), the court held that an "Application for Sale of Collateral" could be amended to satisfy the requirements of a proof of claim. The court said, "It matters not what the paper filed on July 5, was styled. Scrutiny of it discloses every essential statement required by section 57 to constitute a proof of claim, and fully and accurately informed the court of the amount of petitioner's claims and

securities held for this payment." Similarly, in In re Lynan, 127 F. 123 (1903), the Court of Appeals for the Second Circuit allowed amendment as a proof of claim of a document filed by creditors for the purpose of asserting a lien on a special fund due the bankrupt. In In re Standard Telephone and Electric Co., 186 F. 586 (E.D.Wis.1911), a petition setting up a mortgage and calling for the sale of the mortgaged property and application of the proceeds to the mortgage was held amendable as a proof of claim.

Other cases have allowed amendment of a timely filed document which obviously was not intended as a proof of claim. In In re Lipman, 65 F.2d 366, 368 (2nd Cir. 1933), specifications of objections to the confirmation of the offer of composition were held sufficient. The court said, "It may be (they) were not intended as proof of a claim. But it was clear from them that the objector was a creditor with a claim against the bankrupt." *See also* Bennett v. American Credit Indemnity Co., 159 F. 624 (6th Cir. 1908) (assignment of claim); Buckingham v. Estes, 128 F. 584 (6th Cir. 1904) (petition to enforce resulting trust and to recover rents and profits); and In re Fant, 21 F.2d 182 (W.D.S.C. 1927) (petition of creditors initiating bankruptcy proceedings).

Reversed.