**In re FRANCISCAN VINEYARDS, INC., Bankrupt.**

**COUNTY OF NAPA, Plaintiff-Appellee,**

v.

**FRANCISCAN VINEYARDS, INC., Defendant.**

**Appeal of William B. GROVER, Trustee.**

No. 77–2025.

United States Court of Appeals, Ninth Circuit.

May 11, 1979.

Philip M. Arnot, Inc., Eureka, Cal., for appellant.

Malcolm A. Mackenzie, Napa, Cal., for plaintiff-appellee.

Before BROWNING and WALLACE, Circuit Judges, and CURTIS,* District Judge.

PER CURIAM:

The trustee in bankruptcy appeals from a judgment entered by the district court, ordering that the County of Napa (County) be permitted to file an amended proof of claim in bankruptcy after the six-month period provided by section 57(a), (n) of the Bankruptcy Act, as amended, 11 U.S.C. § 93(a), (n). The trustee raises two objections to the district court's order: that the letter sent by the County to the trustee was insufficient to qualify as a proof of claim such that it could be amended, and that the sending of such a letter to the trustee does not qualify as a filing of a proof of claim. We reject both of these contentions and affirm.

The facts are not in dispute. On May 15, 1975, Franciscan Vineyards filed a petition under Chapter 11 of the Bankruptcy Act, as amended. On July 22, 1975, Franciscan Vineyards was adjudicated a bankrupt; the appellant here was thereafter appointed trustee of the bankrupt estate. The date for the first meeting of creditors was set for August 21, 1975. The last day for filing claims was, therefore, February 21, 1976.

Although the County did not file a formal proof of claim with either the referee or the trustee, it did send a letter, dated December 11, 1975, to the trustee, enclosing two tax bills.[1] The trustee received the letter, but did not forward it to the referee or take any other action with respect to it. On July 21, 1976, five months subsequent to the expiration of the time for filing a proof of claim, the County filed an application for leave to file a claim. The bankruptcy judge denied this motion on October 27, 1976. The County thereafter appealed to the district court which reversed the order of the bankruptcy court, and ordered that the County be permitted to file an amended proof of claim. The trustee appeals from this judgment.

We have long applied the so-called rule of "liberality in amendments," *In re Patterson-MacDonald Shipbldg. Co.,* 293 F. 190, 191 (9th Cir. 1923); *Sun Basin Lumber Co. v. United States,* 432 F.2d 48, 49 (9th Cir. 1970) (per curiam). We must now decide whether delivery of the County's letter to the trustee meets this test.

In re *Patterson-MacDonald Shipbldg. Co., supra,* presented circumstances virtually identical to those of the case now before us. We held that the letter sent to the trustee in that case was sufficient to allow for amendment. We believe that, although the County's letter is neither as precise, nor perhaps as pointed, as that which we allowed in *Patterson-MacDonald,* it, together with the enclosed tax bills, is a statement in writing that is signed by an agent of the creditor, and, "reasonably construed," sets forth the claim, the "consideration" (or "ground of liability," Official Form 15) therefor, that no payments have been made thereon, and that the sum is justly owing. The letter thus contains much of the pertinent information required by relevant statute, 11 U.S.C. § 93(a), Bankruptcy Rule, 301(a), and Official Form, 15.

---

* Honorable Jesse W. Curtis, United States District Judge, Central District of California, sitting by designation.

1. The text of the County's letter was as follows:

December 11, 1975

Mr. William B. Grover

.    .    .    .    .

Dear Mr. Grover:

I have enclosed two tax bills for Assessor's Parcel # 30–070–10. These were originally mailed to Franciscan Vineyards, P. O. Box 407, Rutherford, California, which is the address of record. They were returned to our office by the new corporation.

The assessments are against the old Franciscan Vineyards, and we understand you are handling their affairs.

If you have any questions, please contact us.

Sincerely,
GEORGE P. ABATE
Napa County Assessor
HAROLD M. HALE, JR.
Auditor-Appraiser

HMH:lp
Encl.

The question before us, of course, is not whether the letter sufficed as a formal proof of claim, but only whether it was sufficient to supply "the substance of a proof of claim, and to warrant amendment to supply the absent items of proof." *In re Patterson-MacDonald Shipbldg. Co., supra,* 293 F. at 192. As we stated in *Sun Basin Lumber Co. v. United States, supra,* "the document or documents timely filed must fairly reflect the existence of a claim against the estate. It is not necessary, however, that the documents constitute a proof of claim." 432 F.2d at 49. " 'Whether formal or informal, a claim must show . . . that a demand is made against the estate, and must show the creditor's intention to hold the estate liable.' " *In re Hotel St. James Co.,* 65 F.2d 82, 83 (9th Cir. 1933) (citation omitted). We observed in *Hotel St. James* that while the letter in *Patterson-MacDonald* indicated some intent that it be viewed as a claim against the estate, "there [was] not the slightest indication that the petition [involved in that case—for leave to sell mortgaged premises under a trust indenture] was intended as a claim against the bankrupt estate." 65 F.2d at 83. In the letter sent to the trustee here, as with the documents filed in *Sun Basin,* however, "the intention to collect from the estate was implicit," *Sun Basin Lumber Co. v. United States, supra,* 432 F.2d at 49.

The point simply is that "there must have been presented, within the time limit, by or on behalf of the creditor, some written instrument which brings to the attention of the court the nature and amount of the claim." *Perry v. Certificate Holders of Thrift Savings,* 320 F.2d 584, 590 (9th Cir. 1963).

■ The trustee next contends that, even if the claim asserted in the County's letter would ordinarily be sufficient to sustain an amendment, the delivery of the letter to the trustee, rather than to the referee or the clerk of the court, precludes amendment here. In *In re Patterson-MacDonald Shipbldg. Co., supra,* 293 F. 190, however, we approved the amendment of a proof of claim that was contained in a letter sent to the trustee. The trustee here nevertheless suggests that language to the effect that the basis for an amendment of a proof of claim must appear " 'upon the record in the bankruptcy proceedings,' " *Sun Basin Lumber Co. v. United States, supra,* 432 F.2d at 49, or must be found in "[the court's] own files," *In re Brill,* 52 F.2d 636, 638 (S.D.N.Y.), *aff'd,* 52 F.2d 639 (2d Cir. 1931) (per curiam), precludes amendment of a claim delivered to the trustee. We cannot agree. *See J. B. Orcutt Co. v. Green,* 204 U.S. 96, 101, 27 S.Ct. 195, 51 L.Ed. 390 (1907); *In re Gibraltor Amusements Ltd.,* 315 F.2d 210, 213 (2d Cir. 1963); *In re Patterson-MacDonald Shipbldg. Co., supra,* 293 F. at 190–92.

■ We are not persuaded by the trustee's claims that we will open a "Pandora's Box" and that our decision will prejudice the claims of those creditors who properly filed their formal proofs of claim within the statutory period. First, we are doing no more than maintaining the status quo. There is no great burden on trustees in being required to read and to "reasonably construe" those documents sent to them. Second, we fail to perceive the prejudice which we are purported to cause here. As the trustee once conceded in a letter that he sent to the bankruptcy judge, the County "*advised* [him] that the bankrupt owed taxes" prior to the expiration of the six-month period. (Emphasis in original.) There is thus no allegation that the County is attempting to assert a claim based upon a new cause of action, *see, e. g., Menick v. Hoffman,* 205 F.2d 365, 368 (9th Cir. 1953); 3 Collier on Bankruptcy § 57.11[1], at 195. Of course our decision does place one who delivered an amendable, informal proof of claim in the same position as those who have properly filed formal proofs of claim, but we see no more prejudice from this practice now than we did when we decided *Sun Basin Lumber.*

AFFIRMED.