**In the Matter of Anthony Alfred DINGLEMAN, Debtor.**

**Bankruptcy No. 86–01139.**

United States Bankruptcy Court, E.D. Louisiana.

April 15, 1988.

Eustace J. Shearman, III, New Orleans, La., for debtor.

Gilbert J. Hamberg, Monroe & Lemann, New Orleans, La., for Adler and Barish.

### FINDINGS OF FACT

### CONCLUSIONS OF LAW

THOMAS M. BRAHNEY, III, Chief Judge.

This matter came before the Court on a Motion For Leave To Amend Informal Proof of Claim filed by Adler, Barish, Levin & Creskoff, a partnership, and Avram G. Adler, Marvin I. Barish, Arnold Levin and

Howard J. Creskoff, individually and as partners of said partnership (Adler & Barish). After consideration of the evidence adduced at the hearing, arguments and briefs of counsel, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

The Debtor filed for relief under Chapter 7 of the Bankruptcy Code on April 2, 1986. He listed Adler & Barish in his Statement of Financial Affairs and Schedule A–3 as the plaintiff in a lawsuit against him pending in the Eastern District of Pennsylvania for a disputed amount of "ONE MILLION TWO HUNDRED THOUSAND AND NO/100 ($1,200,000.00) DOLLARS plus."

The bar date for filing proofs of claim was July 31, 1986. Adler & Barish did not file their claim until August 15, 1986. Adler & Barish does not contend they were unaware of the bar date. Movant asks this Court to find that their actions and pleadings filed in the case prior to July 31, 1986 constitutes an informal proof of claim. They seek to amend this informal proof of claim with the formal proof of claim filed on August 15, 1986.

Richard Thalheim, a creditor, filed an objection to the Motion to Amend arguing he will be severely prejudiced if Adler & Barish's motion is granted. Excluding Adler & Barish's claim for $1.2 million, the Debtor listed unsecured claims totalling $9,050.00. The estate consists of funds in the approximate amount of $12,500.00. If Adler & Barish is allowed to participate in the distribution, his share of the estate will be substantially diminished.

### CONCLUSIONS OF LAW

██ In order to be considered an informal proof of claim, a document must contain a specific demand setting forth the amount and nature of the debt and the intent to hold the Debtor liable. *In re Franciscan Vineyard, Inc.,* 597 F.2d 181 (9th Cir.1979); *In re Nucorp Energy, Inc.,* 52 B.R. 843 (Bankr.S.D.Ca.1985); *In re Sherret,* 58 B.R. 750 (Bankr.W.D.La.1986).

██ The following pleadings were filed in the record prior to July 31, 1986:

1. June 24, 1986, Joint Application For Extension of Time To Object And/or To Seek A Denial of The Debtor's Discharge.

2. July 3, 1986, Request For Production of Documents filed by Adler & Barish.

3. July 3, 1986, Joint Application For Reduction of Time For Debtor To Respond To Creditor's Interrogatories And Request for Production of Documents.

4. July 3, 1986, Interrogatories filed by Adler & Barish.

5. July 3, 1986, Joint Application To Increase The Number of Interrogatories.

6. July 17, 1986, Joint Application For Extension of Time To Object And/or To Seek a Denial of the Debtor's Discharge.

7. July 17, 1986, Joint Application For Extension of Time For Debtor To Respond To Creditor's Interrogatories and Request For Production of Documents.

8. July 17, 1986, Joint Application To Extend The Time For Rule 2004 Examination of the Debtor.

The Court is of the opinion that none of these documents meets the criteria necessary to constitute an informal proof of claim. In the pleading filed on June 24, 1986, Movant states it is a claimant against the Debtor by virtue of a lawsuit. However, none of the documents set forth a specific demand showing the amount of the debt. They simply relate to discovery matters and an extension of time in which to object to the Debtor's discharge.

██ Movant argues that both the Debtor and Trustee were aware through telephone conversations of their claim and the intent to hold Debtor liable thereon. The Court is of the opinion this is not a sufficient basis for allowing an untimely claim. Nor is the fact that the Debtor listed Adler & Barish in his bankruptcy schedules. *In re Middle Plantation of Williamsburg, Inc.,* 48 B.R. 789 (E.D.Va. 1985); *In re Sems Music Company, Inc.,* 24 B.R. 376 (Bankr.M.D.Tn.1982).

The Court finds that while Adler & Barish may have had an interest and been

active in pursuing it, the written documents filed by them prior to July 31, 1985 do not constitute an informal proof of claim which can be amended.

Accordingly, the Court will enter an Order denying Adler & Barish's motion.