**In re Norman BANCHIK and Helen Banchik, Debtors.**

**Bankruptcy No. B–88–4829–PHX–GBN.**

United States Bankruptcy Court, D. Arizona.

June 5, 1990.

Rebecca R. Driggs, Murphy & Posner, Phoenix, Ariz., for trustee.

Randall J. Kries, Allen, Kimberer & LaVelle, Phoenix, Ariz., for General GMC, Inc.

Virginia A. Mathis, Phoenix, Ariz., U.S. Trustee.

## ORDER

GEORGE B. NIELSEN, Jr.,
Bankruptcy Judge.

This matter arises on the objection of the Trustee to the claim of General GMC, Incorporated. Previously a claims filing bar date of February 6, 1989 was established. Rule 3002(c), *F.BK.R.* On that date, creditor filed a claim for $110,790.02. At the request of the Trustee, creditor provided documentation for the claim, and subsequently filed an amended claim for $149,-333.12 on February 2, 1990.

### I

The Trustee has essentially two objections:

(1) The original claim is based on three lease guarantees executed by the debtor husband without joinder by the debtor wife. Since Mrs. Banchik did not execute the guarantees, there is no recourse against debtors' community under applicable state law. *See* A.R.S. § 25–214(C)(2). The Trustee maintains all estate property is community.

(2) The balance of the amended claim is for leases executed by Park Fifth Avenue Limited Partnership in which the husband was the general partner. This claim should be disallowed, objector reasons, because of its untimely filing after the bar date. It is urged the amended claim is sufficiently dissimilar from the original filing, that it is essentially a new claim, involving different entities unrelated to the original claim.

### II

Concerning the guarantee, claimant concedes Arizona law precludes recovery against the community. However, the creditor argues it is Trustee's burden to establish all estate property is community in nature. In regard to the amended claim, claimant assumes the Trustee is correct that the current amendment would not relate back to the original claim. The creditor contends a timely, but informal proof of claim, was filed when it wrote debtors indicating the Park Fifth Avenue leases were in default by letter of November 2, 1988. Docket No. 206, Exhibit A. As such, the creditor should be allowed to amend its timely informal claim after the bar date, citing *In re Sambo's Restaurants,* 754 F.2d 811 (9th Cir.1985).

### III

■ The guarantee portion of the claim will be disallowed as the Trustee has sufficiently established there is no separate property in the estate from which this claim can be paid. As the Trustee points out, debtors have been married for 25 years, have been residents within the District of Arizona for many years prior to filing their case, have never executed antenuptial agreements and filed a joint bankruptcy petition including all property within the estate. In short, the Trustee has made a sufficient showing based on available schedules and statements that all estate property is indeed community. No contrary showing was made by the creditor.

■ As to allowance of the claim as an amendment to a timely filed informal claim, such writing must state an explicit demand against the estate and evidence an intent to hold debtor liable. *In re Sambo's Restaurants, supra,* 754 F.2d at 815. Certainly, the November letter did clearly state creditor intended to look to debtor for payment as the general partner, if the limited partnership remained in default.

■ A creditor who sends a paper to a Court–Appointed Trustee or other official under circumstances that evidence an expectation that it seeks an official response, has done so with intent to "file" a claim. *In re Anderson–Walker Industries,* 798 F.2d 1285, 1288 (9th Cir.1986). However, this claim was not made to the Trustee or other Court official.

■ Here, debtors' case had been converted from a Chapter 11 reorganization to a Chapter 7 case on September 29, 1988, well prior to the time the creditor's letter was directed to debtors. Docket No. 35. This conversion was noticed to all creditors on October 7, 1988. Docket No. 40. Thus, at the time of the November letter, debtors were no longer acting as debtors in possession with the responsibilities of a trustee.

11 U.S.C. § 1107(a). The Trustee was not provided even a copy of the letter until this claims objection litigation was filed.

Accordingly, the creditor cannot fit within the informal proof of claim exception because the demand was not sent to a trustee, other Court official or a designated Chapter 11 debtor in possession. Because of the earlier conversion, claimant cannot successfully maintain its letter to liquidation debtors was sent with an expectation it would receive an official response from a Court officer. Given this, the letter does not constitute an informal claim which can be amended after the bar date.

The objection is sustained. The Trustee will lodge and serve a proposed form of order.