**In re DAYSTAR OF CALIFORNIA, INC. dba Offshore, Debtor.**

**Bankruptcy No. SA 87–06594 JR.**

United States Bankruptcy Court, C.D. California.

Dec. 17, 1990.

Jeffrey C. Krause, Stutman, Treister & Glatt, Los Angeles, Cal., for claimants.

Sheila Fell, Fell, Meyer & McCarthy, Santa Ana, Cal., Trustee.

## MEMORANDUM OPINION

JOHN E. RYAN, Bankruptcy Judge.

On April 24, 1990, I heard the Chapter 7 Trustee's Objection to Claims against the estate of Daystar of California, Inc. submitted by David Miller and Kodash, Inc. Trustee objected to both claims on the ground they were untimely filed three months after the bar date. Miller and Kodash, Inc. responded that the objection should be overruled, because prior to the deadline, they had mailed invoices to debtor, and these were sufficient informal proofs of claim that could be amended later.

## JURISDICTION

This court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. § 1334(a) (the district courts shall have original and exclusive jurisdiction of all cases under Title 11), 28 U.S.C. § 157(a) (authorizing the district courts to refer all Title 11 cases and proceedings to the bankruptcy judges for the district) and General Order No. 266, dated October 9, 1984 (referring all Title 11 cases and proceedings to the bankruptcy judges for the Central District of California). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

## STATEMENT OF FACTS

Debtor filed a voluntary Chapter 11 bankruptcy petition on October 28, 1987. It subsequently converted from Chapter 11 to Chapter 7 on June 6, 1988. Sheila Fell was appointed Chapter 7 trustee on August 15, 1988, and notice of the conversion was mailed to creditors. The last date for filing proofs of claims in the Chapter 7 case was November 14, 1988 (the "Bar Date").

Kodash, Inc. filed an unsecured formal proof of claim for $158,626.04 on February 15, 1989. On the same day, David Miller filed an unsecured formal proof of claim for $553,798.68. These filings occurred three months after the Bar Date. Trustee subsequently raised an untimeliness objection to the allowance of these claims (the "Objection").

Miller and Kodash, Inc. ("Claimants") respond to the Objection, arguing that, prior to the Bar Date, they had each sent invoices to debtor on four occasions. Each invoice stated the amount due and the basis of the claim. Trustee replies that these actions were insufficient to put all parties, including Trustee, on notice of the nature and amount of their claims.

Invoices were mailed by Claimants to debtor on December 31, 1987, March 31, 1988, July 31, 1988, and September 30, 1988. The latter two invoices were sent after the conversion, but before the Bar Date. Claimants contend that the mailing of these invoices should be viewed as informal claims that could be amended after the Bar Date.

## ISSUE

The issue is whether invoices mailed to a debtor satisfy the requirement of intent to hold the estate liable under the Ninth Circuit test for the existence of an informal claim.

## INTRODUCTION

■ A proof of claim is a written statement setting forth a creditor's claim, supported by writings that evidence the basis of the claim. Bankruptcy Rule 3001(a) and *Collier on Bankruptcy,* § 3001.3 (1988). The purpose of the proof of claim is to alert the court, trustee, and other creditors, as well as the debtor, to claims against the estate. *In re Arnold Stern,* 70 B.R. 472 (Bankr.E.D.Pa.1987). Whether a claimant must file a formal proof of claim[1] against the estate depends upon the chapter under which the bankruptcy case was filed.

Under Chapter 11, any creditor whose claim is not listed on the schedules, or is listed as disputed, contingent, or unliquidated, must file a proof of claim. Bankr. Rule 3003(c)(2). When a Chapter 11 case is converted to Chapter 7, all proofs of claim actually filed by a creditor in the superseded case shall be deemed filed in the Chapter 7 case. Bankr.Rule 1019(4). However, where no such claim is filed while the debtor is in Chapter 11, then upon conversion to Chapter 7, the creditor must file a proof of claim. Bankr.Rule 3002(a) and the 1987 Advisory Committee Note to Bankruptcy Rule 1019(4).

## DISCUSSION

■ Claimants did not file timely proof of claims during the Chapter 11 or after conversion to Chapter 7. The mailing of invoices to debtor, however, before the Bar Date may qualify as informal claims that can later be amended. The Ninth Circuit test for determining the existence of an informal claim requires the showing of: (1) an explicit demand stating the nature and amount of the claim against the debtor's estate, and (2) an intent to hold that estate liable.

■ The demand must fairly reflect the existence of a claim against the estate. *In re Franciscan Vineyards,* 597 F.2d 181, 183 (9th Cir.1979). As stated in *Perry v. Certificate Holders of Thrift Savings,* 320 F.2d 584, 590 (9th Cir.1963) "... there must have been presented, within the time limit, by or on behalf of the creditor, some written instrument that brings to the attention of the court the nature and amount of the claim." In this case, the demands for payment were made in the form of invoices. Each stated the nature of the claim— loans previously made—and the amount owed. The first part of the test is, therefore, satisfied.

The second prong of the test is problematic. It requires an intent to hold the estate liable. This intent is naturally met when a claimant makes a formal claim and files it with the bankruptcy court clerk.[2]

---

1. By making reference to Official Form Nos. 19, 20, and 21, Rule 3001 provides a detailed outline of a proof of claim. Generally, it must be a writing that sets forth the creditor's claim, is executed by the creditor or agent, and includes writings upon which the claim is based and documents evidencing the perfection of a security interest. *Collier on Bankruptcy,* § 3001.03 (1988).

2. Bankruptcy Rule 5005(a) requires proofs of claim to be filed with the bankruptcy court clerk.

An exception is found in Bankruptcy Rule 5005(b) which says that "A paper intended to be filed but erroneously delivered to the trustee, the attorney for the trustee, a bankruptcy judge, a district judge, or the clerk of the district court shall, after the date of its receipt has been noted thereon, be transmitted forthwith to the clerk of the bankruptcy court. In the interest of justice, the court may order that the paper shall be deemed filed as of the date of original delivery."

Whether Claimants in this case really intended the invoices mailed to debtor as claims meant to be filed, but erroneously delivered, is doubtful. These were standard invoices demanding payment for past-due sums. The key is how broadly or narrowly "intent" is read. The Ninth Circuit has historically demonstrated a great flexibility in this area.

In *In re Anderson–Walker*, 798 F.2d 1285, 1287 (9th Cir.1986), the court stated "Our cases have consistently applied the 'so-called rule of liberality in amendments' to creditor's proofs of claim." 798 F.2d 1285, 1287 (9th Cir.1986). As here this was a Chapter 11 case converted to Chapter 7. It concerned a letter sent to the trustee's attorney with a balance sheet attached, which was held to evidence sufficient intent to put the bankruptcy estate on notice. In *In re Franciscan Vineyards*, 597 F.2d 181 (9th Cir.1979), the delivery of a letter and two tax bills to the trustee satisfied the test that "a demand is made against the estate, and must show the creditor's intention to hold the estate liable." *Id.* at 183, citing *In re Hotel St. James Co.*, 65 F.2d 82, 83 (9th Cir.1933). *In re Sambo's*, 754 F.2d 811 (9th Cir.1985), held that the attempt to transfer a wrongful death complaint from the district court to bankruptcy court was a sufficient showing of intent to hold the estate liable. In dicta, the *Sam-bo's* court said that if the claimant had merely written a letter to the debtor in possession, stating the nature and amount of the claim, that the letter would be an amendable informal proof of claim.[3]

In each of the above cases, the creditors *knew* of the existence of the bankruptcy estate. In this case, Claimants were probably *unaware* of the bankruptcy proceedings. Court documents show they were not listed on formal notices mailed during the pendency of either the Chapter 11 filing or the Chapter 7. No evidence before me indicates that Claimants knew of the bankruptcy in time to file their claims. To the contrary, under the circumstances, I must assume they did not know.

The question then is whether the intent to hold liable the "estate" in *Franciscan Vineyards, supra,* represents the bankruptcy estate, or whether it is the estate of the debtor unrelated to the debtor's bankruptcy status.

I conclude that Claimants satisfied the intent prong of the test in *Franciscan Vineyards, id* at 183. Even if they didn't know the debtor was in bankruptcy—because they didn't get any notice—they intended to hold the debtor, and consequently the debtor's estate, liable for payment. The invoices showed the nature and the amount of the claim against the estate. Therefore, they represent sufficient informal claims. Any other view would be undesirable. A corporate debtor could intentionally omit a creditor on schedules and give no notice of the bankruptcy. The creditor in such a situation would, therefore, be precluded from recovery from the bankruptcy estate which might be the only source of payment.

Accordingly, I hold these invoices were sufficient to place the bankruptcy estate on notice that it was liable. The invoices represented pre-petition claims. Claimants

---

**3.** Circuits vary on their reading of intent. A letter to debtor's counsel for a particular amount which expressed no intent on the part of the creditor to look to the estate for payment does not qualify as a "proof of claim." *In re Stern,* 70 B.R. 472 (E.D.Penn.1987).

A letter indicating default sent by the creditor to the debtor does not come under the exception as intended to be properly filed but erroneously delivered to the wrong party under Bankruptcy Rule 5005(b). As the case at hand, the letter was mailed by the creditor after conversion of a Chapter 11 case to a Chapter 7. No official copy was sent to the trustee or other court official. *In re Banchik,* 115 B.R. 231, 233 (Bankr.D.Ariz.1990).

have a right to look to estate assets to satisfy these claims. There is no evidence that Claimants knew of the bankruptcy before the Bar Dates and failed to act. The invoices sent by Claimants to debtor, therefore, are informal claims, which are amendable by Claimants after the Bar Date.

Separate findings of fact and conclusions of law with respect to this ruling are unnecessary. This memorandum opinion shall constitute my findings of fact and conclusions of law.

### ORDER ALLOWING PRE–PETITION CLAIMS

In accordance with the findings of fact and conclusions of law set forth in my memorandum opinion of this date, it is

ORDERED that the claims of David Miller and Kodash, Inc. are allowed as pre-petition claims.