### In re Cecil & Faye LEVY, Debtor.

### Bankruptcy No. SB87–04264MG.

United States Bankruptcy Court,
C.D. California,
San Bernardino Division.

March 31, 1993.
As Amended May 24, 1993.

William J. Simon, San Bernardino, CA.

Shannon J. Haney, Trustee, Santa Ana, CA.

Timothy J. Farris, Office of U.S. Trustee, San Bernardino, CA.

## FINDINGS OF FACT, CONCLUSIONS OF LAW & ORDER

MITCHELL R. GOLDBERG, Bankruptcy Judge.

### FINDINGS OF FACT

This matter comes before the Court on the Debtor's objection to the claim of Tower Medical on the grounds that the claimant did not file its proof of claim timely. Claimant argues that it filed an informal proof of claim and that its subsequent formal filing should be deemed either an amendment of the timely filed informal claim or as a timely filed claim under the circumstances of this case.

### *Facts*

Debtors filed a petition for relief under Chapter 13 of the United States Bankruptcy Code on June 30, 1987. The bar date for filing a proof of claim was set for November 10, 1987.

Debtors failed to include Doctor Hugh Sanders of Tower Medical as a creditor. On June 8, 1988, Doctor Sanders mailed the Debtors an itemized invoice indicating that the amount of $1021.20 was due for medical services, most of which was incurred pre-petition. At the time, Doctor Sanders did not know the Debtors had already filed a petition for relief.

Sanders sued the Debtors in the Fontana Small Claims Court and obtained a judgment for $1067.20 on September 19, 1989. On that same date of September 19, the Debtors filed an amendment to the Chapter 13 schedules and included Doctor Sanders as a creditor. Notice of his inclusion in the schedules was the first Sanders learned of the Bankruptcy filing. In addition to the notice of the amended schedules, Debtors included a copy of the original notice of the 341(a) hearing, which indicated the bar claims date of November 10, 1987.

Sanders then sought the proper form from the trustee's office. Sanders obtained the form in May, 1991 and filed a formal proof of claim on May 10, 1991 (in the amount of $1067.20). The Debtors objected to the claim, on the basis of untimeliness, on August 18, 1992.

### *Issue*

The issue before the Court is whether Doctor Sanders' mailing of the invoice to the debtors constitutes an informal proof of claim, which Doctor Sanders then amended in May, 1991 or in the alternative, whether the formal claim filed May, 1991 can be considered a timely filed claim under the specific facts of this case.

### *Proof of Claim*

■ The Ninth Circuit has "consistently applied the 'so-called rule of liberality in amendments' to creditors' proofs of claim." *In re Anderson–Walker Industries, Inc.,* 798 F.2d 1285, 1287 (9th Cir.1986) (citations omitted); *see also In re Franciscan Vineyards, Inc.,* 597 F.2d 181, 182 (9th Cir.1979) (per curiam) (citing *In re Patterson–MacDonald Shipbldg. Co.,* 293 F. 190, 191 (9th

Cir.1923) and *Sun Basin Lumber Co. v. United States*, 432 F.2d 48, 49 (9th Cir. 1970) (per curiam)) (Ninth Circuit has long applied "liberality in amendments" rule). Under this rule, a creditor may amend a timely filed informal proof of claim with the filing of a formal claim even if the formal claim is filed after the bar date.

In *Franciscan Vineyards*, the court found that a letter to the chapter 11 trustee was sufficient to qualify as an informal proof of claim. *Franciscan Vineyards*, 597 F.2d at 182. The court explained that "the intention to collect from the estate was implicit" in the letter. *Id.* at 183. (quoting *Sun Basin Lumber Co. v. United States*, 432 F.2d 48, 49 (9th Cir.1970) (per curiam)). The ninth circuit emphasized that "there must [be] presented, within the time limit, by or on behalf of the creditor, some written instrument which brings to the attention of the court the nature and amount of the claim." *Franciscan Vineyards*, 597 F.2d at 183 (quoting *Perry v. Certificate Holders of Thrift Savings*, 320 F.2d 584, 590 (9th Cir.1963)). Thus, a document will constitute an informal proof of claim if it states "an explicit demand showing the nature and amount of the claim against the estate," and demonstrates an "intent to hold the debtor liable." *Anderson–Walker*, 798 F.2d at 1287 (citing *In re Sambo's Restaurants, Inc.*, 754 F.2d 811, 815 (9th Cir.1985)).

Essentially, the Ninth Circuit requires the presentation of some document within the filing period that can then be amended beyond the bar date. The Ninth Circuit has provided that its reasons for the liberal rule reflect a "preference for resolution on the merits, as against strict adherence to formalities." *Anderson–Walker*, 798 F.2d at 1287. The court noted that "Bankruptcy courts are courts of equity, and must assure 'that substance will not give way to form, [and] that technical considerations will not prevent substantial justice from being done.'" *Id.* (quoting *Pepper v. Litton*, 308 U.S. 295, 305, 60 S.Ct. 238, 244, 84 L.Ed. 281 (1939) and *In re International Horizons, Inc.*, 751 F.2d 1213, 1216 (11th Cir.1985)).

In deciding whether Doctor Sanders' invoice constitutes an informal proof of claim, this court has little difficulty in concluding that the document itself demonstrated an explicit demand on the bankruptcy estate, showing the nature and the amount of the claim. Debtors filed their petition in 1987, excluding Doctor Sanders as a claimant in their petition. Doctor Sanders, however, mailed his invoice in June 1988 directly to the Debtors. The request for payment came to the Debtors after they filed for bankruptcy and were well into the execution of their chapter 13 plan. In addition, Sanders reinforced the significance of the invoice when he obtained the judgment against the Debtors in small claims court. The judgment incited the Debtors to amend the schedules to include Sanders.

### Filing of Claim

Once it is determined that a document is sufficient in quality to constitute an informal proof of claim, a court must decide if the claim has been properly filed under Bankruptcy Rule 5005. Rule 5005(a) states that "proofs of claim shall be filed with the clerk in the district where the case under the Code is pending. The judge of the court may permit the papers to be filed with the judge ..." The comments following the rule note that 5005(a) "makes it clear that all proceedings in a bankruptcy case ... as well as all other papers required by the Rules, such as proofs of claims of interest and objections, must be filed with the Clerk of the court ..."

Rule 5005(c) provides that "a paper intended to be filed with the clerk but erroneously delivered to the United States trustee, the trustee, the attorney for the trustee, a bankruptcy judge, a district judge or the clerk of the district court shall, after the date of its receipt has been noted thereon, be transmitted forthwith to the clerk of the bankruptcy court." Thus, Rule 5005(c) allows a claim delivered to an official of the court to be considered a filing with the clerk. Under such circumstances, the rule authorizes the court to order "[i]n the interest of justice ... that a paper erroneously

delivered shall be deemed filed with the clerk ... as of the date of its original delivery."

The Ninth Circuit has approached the requirements of Rule 5005 in the same liberal manner it approached the quality of an informal proof of claim. The court has concluded that for an informal claim to be deemed filed under Rule 5005(c), the creditor must intend that the paper become part of the bankruptcy proceedings and receive some official action, which is demonstrated by directing the document to an official related to the estate or the court. *See, e.g., In re Town and Country Home Nursing Services, Inc.,* 963 F.2d 1146, 1153 (9th Cir.1991) (creditor's actions of offsetting its claim against estate assets and giving notice to debtor-in-possession of such offset was equivalent to informal proof of claim); *In re Anderson–Walker Industries, Inc.,* 798 F.2d 1285, 1288–89 (9th Cir.1986) (correspondence with chapter 7 trustee's attorney constitutes a filing); *In the Matter of Pizza of Hawaii, Inc.,* 761 F.2d 1374, 1381 (9th Cir.1985) (complaint of creditor filed in United States District Court, creditor's correspondence with chapter 11 debtor's attorney and joint motion with debtor to transfer case to bankruptcy court established informal proof of claim); *In re Sambo's Restaurants, Inc.,* 754 F.2d 811, 816–17 (9th Cir.1985) (communications with debtor-in-possession and motion to transfer wrongful death case to bankruptcy court show intent to file with bankruptcy court and satisfies rule 5005); *In re Franciscan Vineyards, Inc.,* 597 F.2d 181, 182 (9th Cir.1979) (per curiam) (letter sent to the chapter 11 trustee demonstrating an intent to assert a claim against the bankruptcy estate constitutes filing).

The Ninth Circuit, in *In re Town and Country Home Nursing Services, Inc.,* 963 F.2d 1146, 1153 (9th Cir.1991), summarized its understanding of Rule 5005 as follows:

> We have held that even though no document is filed with the bankruptcy court, an informal proof of claim may arise out of demands against the estate or out of correspondence between a creditor and the trustee or debtor-in-possession which

demonstrate an intent on the part of the creditor to assert a claim against the bankruptcy estate.

The dilemma the court encounters in this case is the hurdle presented by Rule 5005(c). The rule allows a claim that is misdelivered to a representative of the court or the estate to be deemed a "filing." Each of the decisions in which the Ninth Circuit addressed the filing requirement involved this type of official representative (*i.e.,* trustee, debtor-in-possession, or trustee's attorney).

Doctor Sanders, however, delivered his invoice to the debtor in a Chapter 13 case. Section 1303 of the Bankruptcy Code governs the duties of a debtor in chapter 13. (*Compare* 11 U.S.C. section 704 and 11 U.S.C. section 1107 *with* 11 U.S.C. section 1303) Can delivery to a chapter 13 debtor, post confirmation, constitute a filing under rule 5005(c)?

Two recent bankruptcy court decisions involve the delivery of an informal claim to a person other than an estate or court representative. In *In re Banchik,* 115 B.R. 231, 232 (Bankr.D.Ariz.1990), the court concluded that a letter sent to a debtor in a Chapter 7 case could not be considered an informal proof of claim. The debtors originally filed under Chapter 11, but at the time the creditor sent the letter, the court had already converted the case to Chapter 7 and debtors were no longer acting with the responsibilities of a trustee. *Id.* The court acknowledged that the letter presented the necessary demands on the estate, but the failing factor was that it was not sent to a trustee or other court official. *Id.* at 232–33.

In *In re Daystar,* 122 B.R. 406, 409–10 (Bankr.C.D.Cal.1990), the court held that standard invoices sent to a debtor in a chapter 7 case were informal claims amendable after the bar date. The *Daystar* court did not expressly address the requirement of filing with an official of the court. Instead, the court focused on what it deemed the controlling factor, which was that the evidence indicated that claimants were not aware of the bankruptcy proceeding.

*Daystar,* 122 B.R. at 409. The court noted that "[c]ourt documents show they were not listed on formal notices mailed during the pendency of either the Chapter 11 filing or the Chapter 7." *Id.* Since claimants failure to file a formal proof of claim was a result of lack of knowledge of the bankruptcy proceedings, their demand on the estate via invoices to the debtor are considered informal claims. *Id.*

Neither of these decisions involve Chapter 13 cases, and thus, this court must decide, as a case of first impression, if presenting an informal proof of claim to a Chapter 13 debtor, post confirmation, can constitute a filing under Rule 5005(c). An analysis of the role of the post confirmation debtor in Chapter 13 under the Bankruptcy Code and Rules permits an affirmative answer to this question.

Bankruptcy Rule 4002 provides that "[i]n addition to performing other duties prescribed by the Code and rules, the debtor shall ... (4) cooperate with the trustee in the preparation of an inventory, the examination of proofs of claim, and the administration of the estate; ..." Thus, all debtors, regardless of the Chapter under which relief is requested, have a duty to assist the trustee in the review of proofs of claim and the administration of the estate.

Furthermore, section 1302 and 1303 of the Bankruptcy Code outline the respective duties of the trustee and debtor in a Chapter 13 case. Essentially, the trustee must perform the same duties as a Chapter 7 trustee relating to investigation of finances, accountability for the property in the estate and examination of proofs of claims. 11 U.S.C. Section 1302. The debtor in a Chapter 13 case has more expansive power than a liquidation debtor. The Chapter 13 debtor has exclusive power in governing the use, sale and lease of the property. 11 U.S.C. Section 1303.

The confirmation of the Chapter 13 plan apparently increases the obligations of the debtor. Under section 1327, "the confirmation of a plan vests all of the property of the estate in the debtor." 11 U.S.C. 1327(b). The trustee, on the other hand, continues to oversee the estate, but the duties are reduced to ensuring that debtor makes payments in accordance with the plan. The heightened control of and responsibility toward the estate post confirmation transforms the Chapter 13 debtor's role to one similar to the debtor-in-possession in Chapter 11.

Therefore, if the debtor's general duty to cooperate with the trustee in examining proofs of claim and administering the estate is combined with the post confirmation obligations of controlling the estate, it logically proceeds that demand by a creditor on the post confirmation debtor is similar to demand on the debtor-in-possession. The post confirmation Debtor, in this respect, can be considered an official representative of the estate.

In the case presently before the Court, I conclude the Debtors originally had a duty to inform the Trustee of the invoice sent by Doctor Sanders. Ultimately, the Debtors were forced to acknowledge Doctor Sanders when he obtained the small claims judgment. Perhaps the Debtors perceived they had fulfilled their duty to cooperate with the Trustee and, in fact, they may have. But the act of including Doctor Sanders in the amended schedules also demonstrates that Debtors, in whom the property of the estate was vested, were fully aware of the claim. This court finds that Doctor Sanders invoice, sent in June, 1988, constitutes an informal proof of claim and the demand on the post confirmation Debtors constitutes a filing in accordance with the Bankruptcy Rules.

### *Timely Filing of Claim*

■ In addition, even if the invoice could not be amended as an informal claim under the law, this Court finds that under the unique circumstances of this case, Doctor Sanders filed a timely proof of claim on May 10, 1991. In the Central District, when the clerk's office sends notice to creditors of the 341(a) hearing in a Chapter 13 case, it attaches a proof of claim form. Thus, the Creditor simultaneously receives notice and a claim form. The mailed form simplifies the claim process for the Chapter 13 creditor.

Doctor Sanders, however, never obtained the proof of claim form from the clerks office, since the Debtors failed to include him as a creditor until almost two years after they filed the original petition. Instead of the clerk's office informing Doctor Sanders of the bankruptcy as it generally would, the Debtors, on September 19, 1989, simply sent Sanders a copy of the amended schedules and a copy of the 341(a) hearing sheet (but no proof of claim form). Under these facts, the Court finds that Sanders' initial notice of the bankruptcy occurred on September 19, 1989.

Sanders' only information about a bar date was in the outdated 341(a) notice, indicating November 10, 1987 as the final date to file a claim. No additional bar date was noted. Therefore, Sanders was forced to obtain a proper claim form, which he sought from the trustee's office. Upon receipt of the proof of claim form, he promptly completed and filed it. This Court finds that under these circumstances it was more difficult for Sanders to fulfill his obligations. Notwithstanding these additional difficulties, Sanders proceeded reasonably and with his best efforts, and thus, his filing on May 10, 1991 must be considered timely.

### CONCLUSIONS OF LAW

For the reasons set forth above, I conclude that Dr. Sanders is entitled to be paid on his claim. He has filed a proper informal claim with the debtors post-confirmation. Such action meets the criteria set forth in Ninth Circuit case law and Rule 5005 of the Federal Rules of Bankruptcy Procedure. In addition, the factual circumstances justify a finding that Dr. Sanders' formal claim was "timely" filed.

### ORDER

IT IS ORDERED that the claim of Dr. Sanders is an allowable claim in the Estate and that the objection to this claim is overruled. It is further

ORDERED, that the Trustee shall keep this Estate open to allow debtors to pay said claim for a period not to exceed four months.