**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT**

In re: ) BAP No. CC-16-1118-LNTa
)
JOHN LOUIS AVITABILE, ) Bk. No. 8:14-bk-14381-ES
)
                    Debtor. )
_____)
)
JOHN LOUIS AVITABILE, )
)
                    Appellant, )
)
v. ) **MEMORANDUM**[*]
)
KATHY ROCHELEAU; )
BRUCE ROCHELEAU, )
)
                    Appellees. )
_____)

Argued and Submitted on January 19, 2017
at Pasadena, California

Filed - February 13, 2017

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Erithe A. Smith, Bankruptcy Judge, Presiding

_____

Appearances:    Michael A. Wallin of Slater Hersey and Lieberman
                LLP argued for appellant; Timothy Krantz argued
                for appellees.

_____

Before: LAFFERTY, TAYLOR, and NOVACK,[**] Bankruptcy Judges.

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

[**] Hon. Charles Novack, United States Bankruptcy Judge for the Northern District of California, sitting by designation.

# INTRODUCTION

Judgment Creditors Kathy and Bruce Rocheleau missed the deadline for filing a formal proof of claim against the estate of Debtor John Avitabile. Upon filing a formal proof of claim almost eight months after the claims bar date, the Rocheleaus also filed a motion requesting that the bankruptcy court allow their claim, arguing that (1) their failure to timely file a proof of claim was due to "excusable neglect," and the bankruptcy court should deem it timely pursuant to Rule 9006(b)(1);[1] and (2) the formal proof of claim should be deemed timely because, prior to the expiration of the claims bar date, the Rocheleaus sent a letter to the chapter 7 trustee that constituted a timely "informal" proof of claim. After a hearing at which Debtor opposed the requested relief, the bankruptcy court rejected the Rocheleaus' excusable neglect argument but agreed that their letter constituted an informal proof of claim. Debtor appealed. We AFFIRM.

# FACTS

**A.    The Prepetition Judgment and the Bankruptcy Filing**

On February 10, 2014, the Orange County Superior Court entered a default judgment against Debtor John Avitabile ("Avitabile") in favor of Kathy and Bruce Rocheleau (collectively, the "Rocheleaus") in the amount of $513,976.35. The judgment represented the expenses for repair of construction

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

work that the Rocheleaus stated was not properly performed by Avitabile.

On July 15, 2014, Avitabile filed a voluntary petition for relief under chapter 7. On the front page of the petition, Avitabile indicated that there were no assets in the estate and therefore no funds would be available for distribution to unsecured creditors. Consistent with that assertion, Avitabile did not list any interest in real property on Schedule A. Schedule F listed the debt owed to the Rocheleaus at $600,000 and did not indicate that the debt was disputed or otherwise invalid. The creditor mailing matrix filed along with the petition listed the Rocheleaus at their home address.

**B.     Letter from Avitabile to the Chapter 7 Trustee**

On August 17, 2014, Timothy Krantz ("Krantz"), counsel to the Rocheleaus, sent the chapter 7 trustee Thomas H. Casey (the "Trustee") a one-page letter (the "August 17 Letter") suggesting that Avitabile held an apparently undisclosed interest in a trust that owned certain real property in Trabuco Canyon, California. In the opening paragraph of the August 17 Letter, Krantz stated:

> I represent an unsecured creditor, Bruce Rocheleau. My client obtained a Judgment of $513,976.35 against the debtor on 2/10/14. My client wanted me to pass on to you the following information about possible assets that the debtor may have but is not disclosing. You may want to ask him about [it] during the 341a meeting of creditors.

**C.     The Notice of Dividend and the Claims Bar Date**

On March 12, 2015, the Trustee filed a Notification of Asset Case (the "Notification") in which he indicated that assets would be administered in the case; on the same date the Clerk of the Court sent out a Notice of Possible Dividend and Order Fixing

Time to File Claims (the "Notice") to all creditors listed in the mailing matrix, thereby setting the deadline for filing proofs of claim for June 15, 2015.

The Notice was sent to the Rocheleaus at the address listed on the mailing matrix; however, the Rocheleaus deny its receipt. In any event, it is undisputed that the Rocheleaus did not file a formal proof of claim prior to the June 15, 2015 deadline.

**D.  The Filing of the August 17 Letter with the Bankruptcy Court**

On March 12, 2015, the same day that the Trustee filed the Notification and the Clerk of the Court sent out the Notice, the Trustee also filed his Motion for Order Extending Time to File 11 U.S.C. § 727 Complaint (the "Extension Motion").  The Extension Motion sought additional time for the Trustee to determine whether filing a complaint for denial of discharge pursuant to Section 727 was warranted.  The Extension Motion stated that the Trustee had recently discovered that Avitabile held an unscheduled beneficial interest in a trust established by Avitabile's mother prior to the filing of the petition.  The Extension Motion further stated that the Trustee was "only made aware of this asset by a creditor who had obtained a judgment against [Avitabile] in the amount of $513,976.33 prior to the Petition Date."  Furthermore, a copy of the August 17 Letter was attached to the Extension Motion as an exhibit.

**E.  The Settlement**

On January 25, 2016, the Trustee and Avitabile entered into a settlement agreement regarding the estate's potential interest in the undisclosed family trust.  Pursuant to the settlement agreement, the estate would receive $76,750 in exchange for the

-4-

release of the estate's interest in the trust. The settlement agreement also set forth the proposed distribution of the $76,750 to be received by the estate. Although the settlement agreement acknowledged the existence of the Rocheleaus' judgment against Avitabile, it did not include the debt owed to the Rocheleaus as a claim that would be paid from the settlement, presumably because they had not filed a proof of claim.

A copy of the settlement agreement was filed with the bankruptcy court and served on all parties, including the Rocheleaus. The Rocheleaus contended that they first became aware that there would be a dividend in the case when they received a copy of the motion to approve settlement; and they were alarmed to read that they were not listed as unsecured creditors who would receive a distribution from the estate. Nevertheless, the Rocheleaus did not file an opposition to the motion to approve the settlement agreement. On February 19, 2016, the bankruptcy court entered an order approving the settlement agreement.

**F.    The Rocheleaus' Proof of Claim and Accompanying Motion**

On February 8, 2016, the Rocheleaus filed a formal proof of claim, which included as an attachment a copy of the state court judgment. Shortly thereafter, on February 12, 2016, they also filed the Motion for Order to Allow Late Filing of Proof of Claim (the "Claim Motion").

The Claim Motion requested that the bankruptcy court allow the Rocheleaus' formal proof of claim as timely based on two alternative theories: first, that the June 15, 2015 deadline to file a proof of claim should be extended as to the Rocheleaus

because their mistaken belief that no proof of claim had to be filed was the result of "excusable neglect"; second, that pursuant to applicable Ninth Circuit case law, the August 17 Letter qualified as a timely informal proof of claim to which the late-filed claim could relate back and therefore the formal claim should be deemed an amendment to the informal claim. Avitabile opposed the Claim Motion[2] asserting that the August 17 Letter did not meet the requirements for an informal proof of claim, mainly because it was not brought to the attention of the bankruptcy court.

**G.    The Bankruptcy Court's Disposition**

On April 12, 2016, the bankruptcy court held a hearing on the Claim Motion and granted the Claim Motion in part and rejected it in part.

The bankruptcy court denied the Rocheleaus' excusable neglect argument because it determined that the application of Rule 9006 was limited by Rule 3002(c), which controls the expansion of the deadline under which creditors must file a proof of claim against the estate in chapter 7 cases. Specifically, the bankruptcy court determined that Rule 3002(c) listed only six exceptions to the requirement to timely file a proof of claim, and excusable neglect was not one of them. This aspect of the bankruptcy court's ruling is not contested in this appeal.

The bankruptcy court granted the Claim Motion insofar as it asserted that the August 17 Letter satisfied the requirements set

---

[2] As part of the settlement, the Trustee assigned standing to oppose the Claim Motion to Avitabile.

forth for a finding that it was a timely informal proof of claim. Avitabile timely appealed.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Did the bankruptcy court err in determining that the August 17 Letter constituted a timely informal proof of claim?

**STANDARD OF REVIEW**

Whether a document satisfies the requirements for an informal proof of claim is a question of law that we review de novo. Dicker v. Dye (In re Edelman), 237 B.R. 146, 150 (9th Cir. BAP 1999) (citing Pizza of Hawaii, Inc. v. Shakey's, Inc. (Matter of Pizza of Hawaii, Inc.), 761 F.2d 1374 (9th Cir. 1985)).

**DISCUSSION**

The Ninth Circuit has long applied a rule of "liberality in amendments" to creditors' proofs of claim, permitting a later filed claim to relate back to a prior informal claim. Wright v. Holm (In re Holm), 931 F.2d 620, 622 (9th Cir. 1991); County of Napa v. Franciscan Vineyards, Inc. (In re Franciscan Vineyards, Inc.), 597 F.2d 181, 182-83 (9th Cir. 1979) (citing In re Patterson-MacDonald Shipbldg. Co., 293 F. 190, 191 (9th Cir. 1923)). To constitute an informal proof of claim, a document must: (1) be presented via a writing; (2) be presented within the time frame for the filing of claims; (3) be asserted by or on behalf of the creditor; (4) be brought to the attention of the bankruptcy court; (5) indicate an intent to assert a claim

-7-

against the estate in a set or determinable amount. In re Franciscan Vineyards, Inc., 597 F.2d at 182-83; Pacific Resource Credit Union v. Fish (In re Fish), 456 B.R. 413, 417 (9th Cir. BAP 2011); In re Edelman, 237 B.R. at 155.

Avitabile does not dispute that the August 17 Letter was a writing presented on behalf of the Rocheleaus within the time frame for filing proofs of claim or that it indicated an intent to assert a claim against the estate; the only element at issue is whether the August 17 Letter was brought to the attention of the bankruptcy court.[3]

The Ninth Circuit has expressly determined that it is not necessary that an informal proof of claim be filed with the bankruptcy court or otherwise appear on the bankruptcy court's record in order to satisfy this requirement. In re Holm, 931 F.2d at 622 ("The document that purports to be an informal proof of claim need not be filed in the court."); In re Franciscan Vineyards, Inc., 597 F.2d at 183 (informal

---

[3] With respect to the second element, whether the August 17 Letter was presented within the time frame for filing proofs of claim, the bankruptcy court found that this element was met because under Rule 3002, (in the absence of other court order) a proof of claim is timely if filed no later than 90 days after the first date set for the § 341 meeting. However, when the August 17 Letter was sent to Trustee, no claims bar date had been set because the case appeared to be a no asset chapter 7. We are not convinced that a document presented before a claims bar date has been set could always satisfy the timing requirement. Such a document would not be relevant where no assets are available to pay creditors, and the creditor could not plausibly argue that it intended to assert a claim against an estate with no assets. But to the extent the bankruptcy court erred in this aspect of its ruling, it was harmless error because the August 17 Letter was filed with the court as an attachment to the Extension Motion on the same day the claims bar date was set.

-8-

letter sent to the trustee who did not forward it to the bankruptcy court or any other party); In re Anderson-Walker Indus., Inc., 798 F.2d 1285, 1286 (9th Cir. 1986) (informal letter sent to trustee's counsel in response to a collection letter demanding payment to the estate); In re Sambo's Restaurants, Inc., 754 F.2d 811, 812 (9th Cir. 1985) (wrongful death complaint filed in a different jurisdiction from bankruptcy case).

Moreover, although the Rocheleaus sent the August 17 Letter to the Trustee and not the bankruptcy court, a closer look at the record demonstrates that the August 17 Letter was filed with the bankruptcy court on March 12, 2015 as an exhibit to the Extension Motion. The Extension Motion not only included a copy of the August 17 Letter but it also explained that the information from the Rocheleaus was the reason why the Trustee was able to uncover Avitabile's interest in the undisclosed asset. The certificate of service attached to the Extension Motion reflects that service was made on Avitabile, Avitabile's counsel, the United States Trustee, and all creditors. It is undisputed that Avitabile received a copy of the August 17 Letter after it was filed with the bankruptcy court. Thus, even if the document had to be filed with the bankruptcy court, the Extension Motion satisfied that requirement.

**CONCLUSION**

For the reasons set forth above, we find no error in the bankruptcy court's allowance of the Rocheleaus' formal proof of claim as an amendment to their timely informal proof of claim.

Accordingly, we AFFIRM.